IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00545-WDM-BNB

VALERIE RUMPLE,

Plaintiff,

v.

LEADING EDGE RECOVERY SOLUTIONS,

Defendant.
_____

# ORDER
_____

This matter is before me on the **Plaintiff's Motion to Compel the Defendant's Responses to the Plaintiff's Written Discovery Requests Pursuant to Fed. R. Civ. P. 33,34,36, and 37** [Doc. # 18, filed 7/8/2008] (the "Motion to Compel"). I held a hearing on the Motion to Compel this afternoon and made rulings with respect to certain matters and took other matters under advisement.

IT IS ORDERED that the Motion to Compel is GRANTED IN PART and DENIED IN PART as follows:

**Interrogatory No. 1**: Granted.

**Interrogatory No. 2**: Granted.

**Interrogatory No. 3**: Denied. The interrogatory either is answered or, if not answered, the interrogatory is overbroad and to provide an answer would be unduly burdensome on the defendant.

**Interrogatory No. 4**: Denied. The interrogatory is answered.

**Interrogatory No. 5**: Granted.

**Interrogatory No. 6**: Denied. The interrogatory is answered.

**Interrogatory No. 7**: Granted.

**Interrogatory No. 10**: Granted.

**Interrogatory No. 11**: Granted.

**Interrogatory No. 12**: Granted.

**Interrogatory No. 13**: Granted to require an answer for the period of time from July 1, 2007, through December 31, 2007.

**Interrogatory No. 15**: Granted to require a supplemental response for any abbreviations, codes, numeric codes, or symbols identified by Mr. Larson in writing on or before August 7, 2008.

**Interrogatory No. 16**: Denied. The interrogatory is answered.

**Interrogatory No. 17**: Denied. The interrogatory is answered.

**Interrogatory No. 18**: Granted.

**Interrogatory No. 19**: Granted.

**Interrogatory No. 20**: Granted.

**Interrogatory No. 21**: Granted for the period of time from January 1, 2006, and afterward.

**Interrogatory No. 22**: Granted.

**Production Request No. 1**: Granted to require the production of all responsive manuals in use during the period of time from January 1, 2006, through December 31, 2007. The training, personnel, and other instruction manuals are relevant to or may reasonably lead to the

discovery of admissible evidence concerning collection techniques used by the defendant and matters relating to the bona fide error defense, among other things. Any trade secrets contained in the manuals are adequately protected by the blanket protective order I have entered in this case. It is no objection to production that materials may be copyrighted.

**Production Request No. 2**: Granted. The requested materials are relevant to or may reasonably lead to the discovery of admissible evidence concerning collection techniques used by the collectors involved with this account and matters relating to the bona fide error defense, among other things. Any privacy interests are adequately protected by the blanket protective order I have entered in this case.

**Production Request No. 3**: Granted. The requested materials are relevant to or may reasonably lead to the discovery of admissible evidence concerning potential violations of the FDCPA and the completeness of the defendant's internal records, including its calling log.

**Production Request No. 4**: Denied. All responsive materials have been produced.

**Production Request No. 6**: Granted. The requested materials are relevant to or may reasonably lead to the discovery of admissible evidence concerning collection techniques used by the defendant and matters relating to the bona fide error defense, among other things. Any trade secrets contained in the manuals are adequately protected by the blanket protective order I have entered in this case. It is no objection to production that materials may be copyrighted. The defendant has failed to produce any evidence demonstrating that responding to the production request would subject it to unreasonable burden or expense.

**Production Request No. 8**: Granted for the period of time from January 1, 2006, and thereafter. The requested materials are relevant to or may reasonably lead to the discovery of

3

admissible evidence concerning the bona fide error defense, among other things.

**Production Request No. 9**: Denied as unreasonably vague.

**Production Request No. 13**: Denied. All responsive documents have been produced.

**Production Request No. 14**: Denied. The defendant has stated that there are no responsive documents.

**Production Request No. 16**: Denied. The defendant has stated that there are no responsive documents.

**Request for Admissions 3, 4, and 5**: Denied. Although I agree with the plaintiff that it is no grounds for objection that a request for admission goes to "an ultimate conclusion of law," see Fed. R. Civ. P. 36(a)(5), the defendant has denied each of the requests at issue.

IT IS FURTHER ORDERED that all requests for sanctions and attorney fees are denied.

IT IS FURTHER ORDERED that the defendant shall provide supplemental discovery responses that conform to the formalities of the Federal Rules of Civil Procedure and to the requirements of this order on or before **August 18, 2008**.

Dated August 4, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge